# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| WEI GU, <br><br> Plaintiff, <br><br> v. <br><br> MIRIN ASIAN FUSION INC D/B/A MIRIN ASIAN FUSION & TEA HOUSE AND QI REN, <br><br> Defendants. | PLAINTIFF'S COMPLAINT <br><br> CASE NO.: 1:24-cv-078 |

Plaintiff Wei Gu (hereafter referred to as "Plaintiff"), hereby brings this complaint against Defendants Mirin Asian Fusion Inc d/b/a Mirin Asian Fusion & Tea House ("Mirin Asian") and Qi Ren (hereafter "Mr. Ren") (collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1.

This action is brought by Plaintiff against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 et seq., arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.

Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA by engaging in a pattern and practice of failing to pay its current and former employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3.

Defendant Qi Ren failed or refused to record all of the time that Plaintiff worked, including work done in excess of forty hours each week.

4.

Defendant Ren failed or refused to record all the time that Plaintiff worked, including work done in excess of forty hours each week.

5.

Plaintiff alleges pursuant to the FLSA, that he is entitled to recover individually and severally from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

**(a)   JURISDICTION AND VENUE**

6.

This Court has federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

7.

Venue proper lies in the Southern District of Georgia pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this judicial District, and the acts and omissions giving rise to the claims herein alleged took place in this judicial District.

**(b)   PARTIES**

8.

Plaintiff Wei Gu resides in Queens County, New York.

9.

From around September 27, 2022 to July 1, 2023, Plaintiff was employed by Mirin Asian Fusion Inc d/b/a Mirin Asian Fusion & Tea House at 630 Crane Creek Dr, Suite 402, Augusta, Richmond County, Georgia State, 30907 as a kitchen helper.

10.

At all times material hereto, Plaintiff was an "employee" of Defendant Mirin Asian, as that term has been defined by the FLSA, 29 U.S.C. Sec. 203(3).

11.

Defendant Mirin Asian Fusion Inc d/b/a Mirin Asian Fusion & Tea House is a domestic business corporation organized under the laws of the State of Georgia with a principal address at 630 Crane Creek Dr, Suite 402, Augusta, Richmond County, Georgia State, 30907.

12.

Upon information and belief, Mirin Asian Fusion Inc operates a restaurant known as Mirin Asian Fusion & Tea House and is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

**(c)  INDIVIDUAL COVERAGE:**

13.

At all times material hereto, Plaintiff Gu used or handled the following, among other, instruments of interstate commerce: fresh produce, food products, cookware and commodities acquired from, and take-out food orders sold into, interstate market.

14.

At all times material hereto, Plaintiff Gu was "engaged in commerce" as an individual employee of Mirin Asian within the meaning of 3(s)(1)(A) and (B).

**(d)    ENTERPRISE COVERAGE:**

15.

At all times material hereto, Mirin Asian Fusion Inc was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

16.

Mirin Asian is governed by and subject to the FLSA, 29 U.S.C. Sec. 204 and Sec. 207.

17.

Upon information and belief Mirin Asian Fusion Inc purchased and handled goods moved in interstate commerce, and had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

**(e)** **Qi Ren is an employer under the FLSA.**

18.

Defendant Mr. Qi Ren is an owner of Mirin Asian, and is governed by and subject to the FLSA, 29 U.S.C. Sec. 204 and Sec. 207.

19.

Upon information and belief, Qi Ren determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and workload of the employees, maintained employee records, and had the authority to hire and fire employees.

20.

By engaging in the activities mentioned in Paragraph 19, Defendant Qi Ren is an employer under the FLSA, 29 U.S.C. §203d.

**(f)** **Lack of FLSA Exemptions**

21.

At all times material hereto, Gu was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

22.

At all times material hereto, Mirin Asian did not employ Gu in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

23.

At all times material hereto, Mirin Asian did not employ Gu in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

24.

At all times material hereto, Mirin Asian did not employ Gu in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

25.

At all times material hereto, Gu did not supervise two or more employees.

26.

At all times material hereto, Mirin Asian did not employ Gu in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

27.

Mirin Asian has failed to meet the requirements for any of the exemptions from the application of the minimum wage requirements of the Fair Labor Standards Act under 29 U.S.C. § 206.

**(g)    Additional Factual Allegations**

28.

At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one- and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

29.

Defendant Mirin Asian knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation during his employment.

30.

Defendant Qi Ren knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation during his employment.

31.

While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

32.

Defendant Mirin Asian failed to keep full and accurate records of Plaintiff's hours and wages.

33.

Defendant Mr. Qi Ren failed to keep full and accurate records of Plaintiff's hours and wages.

34.

Throughout his employment with the Defendants Plaintiff was employed by Defendants to work as a kitchen helper at Mirin Asian Fusion & Tea House. His duties included, but were not limited to, preparing various food materials in the kitchen.

35.

From September 27, 2022 to July 1, 2023, Plaintiff worked six (6) days each week.

36.

From September 27, 2022 to July 1, 2023, Plaintiff worked from around 9:30 am to 9:00 pm every workday without a break each day for about eleven and a half (11.5) hours per day. As a result, Plaintiff worked about sixty-nine (69) hours a week during this period.

37.

Plaintiff did not have any uninterrupted meal breaks or any other break time during his workdays.

38.

During Plaintiff's employment he was paid a fixed monthly salary of $4,000 per month regardless of the actual hours he worked. He was paid partly in check and partly in cash.

39.

Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours he worked above forty (40) in each workweek.

**COUNT I. Violations of the Fair Labor Standards Act—Overtime Wage**

40.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41.

The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

42.

The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

43.

Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

44.

At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

45.

The FLSA and supporting regulations required employers to notify employees of employment law requirement employers to notify employment law requirements. 29 C.F.R. §516.4.

46.

The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

47.

Defendant Mirin Asian's violations of the FLSA were willful and in bad faith.

48.

Defendant Mirin Asian violated 29 C.F.R. §516.4 by failing to provide the required notice.

49.

Defendant Mr. Qi Ren violated 29 C.F.R. §516.4 by failing to provide the required notice.

50.

Defendant Mirin Asian's violations of the FLSA were willful and in bad faith and without good faith defense.

51.

Defendant Mr. Qi Ren's violations of the FLSA were willful and in bad faith and without good faith defense.

WHEREFORE, Plaintiff requests that this Court enter a judgment providing the following relief:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

2. An award of overtime wages due under FLSA plus liquidated damages;

3. An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

4. An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b).

5. The cost and disbursements of this action;

6. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

7. Grant Plaintiff a trial by jury as to all triable issues of fact.

Respectfully submitted,

*DeLong Caldwell Bridgers Fitzpatrick Benjamin, LLC*
*101 Marietta Street*
*Suite 2650*
*Atlanta, Georgia 30303*


*(404) 979-3150*
*(404) 979-3170 (f)*

[*charlesbridgers@dcbflegal.com*](mailto:charlesbridgers@dcbflegal.com)
**Charles R. Bridgers, Attorney, LLC**

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

Counsel for Plaintiff