IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WEI GU,                            *
                                   *
     Plaintiff,                    *
                                   *
     v.                            *    CV 124-078
                                   *
MIRIN ASIAN FUSION INC d/b/a       *
Mirin Asian Fusion & Tea           *
House, and QI REN,                 *
                                   *
     Defendants.                   *
```

## O R D E R

Before the Court is the Parties' renewed joint motion for settlement approval. (Doc. 9.) Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The Parties submitted an initial joint motion for settlement approval on June 26, 2024 (Doc. 6), which the Court denied on October 28, 2024 (Doc. 8). The Parties then submitted a renewed motion (Doc. 9) and amended agreement (the "Agreement") (Doc. 9-1) on November 11, 2024. For the following reasons, the Parties' renewed motion (Doc. 9) is **GRANTED**.

## I. DISCUSSION

The Court previously found the presence of a bona fide dispute; a fair and reasonable settlement amount; attorneys' fees requested by Hang and Associates, PPLC ("Hang Law") to be reasonable; and the filing and service fees requested by Hang Law to be reasonable. (Doc. 8, at 3-9.) But the Court denied the Parties' motion for two reasons. First, the initial settlement agreement contained a flat fee attributed to local counsel, Mr. Bridgers, but provided no documentation by which the Court could determine the fee to be fair and reasonable. (Id. at 9-10.) Second, the initial agreement contained a modification clause that the Court found unacceptable. (Id. at 10.)

In their renewed motion, the Parties provide a detailed breakdown of Mr. Bridgers' fee and an affidavit from him, allowing the Court to properly decide whether the fee is fair and reasonable. (Doc. 9, at 4-5; Doc. 9-2.) The Court thoroughly outlined the legal standards applicable to legal fees in the context of FLSA settlements in its October 28, 2024 Order and thus will not repeat them here. (See Doc. 8, at 6-10.)

The breakdown provided by the Parties reflects an hourly rate of $435 for Mr. Bridgers' work and $170 for his paralegal's work. (Doc. 9-2, at 5-6.) Mr. Bridgers represents that he has been practicing law for about 30 years, is managing partner at his law firm, and has significant experience in FLSA law. (Id. at 2-3.)

2

Thus, given his extensive experience, Mr. Bridgers' requested hourly rate of $435/hour is reasonable. <u>See</u> <u>Jackson v. Johnson</u>, No. CV 123-074, Doc. 18 (S.D. Ga. Aug. 31, 2024). His paralegal's requested rate, on the other hand, is above what is considered reasonable in the Augusta legal market. <u>Id.</u> (setting a reasonable rate of $150/hour for paralegals). Nevertheless, because the overall fee has been reduced from $2,992.50 to $1,500.00, the billable rates for both Mr. Bridgers and his paralegal have likewise been reduced to appropriate figures. Reducing the billable rates by the same factor as the overall fee results in Mr. Bridgers' billable rate being reduced to $218.05/hour and his paralegal's billable rate to $85.21/hour. In sum, each new hourly rate aligns with the Augusta market and is therefore reasonable. The Court also finds the total hours expended by both Mr. Bridgers and his paralegal reasonable.

The Parties also removed the modification language the Court previously determined to be unacceptable. (<u>See</u> Doc. 9-1, at 3; Doc. 8, at 10.) The relevant provision now reads, "This Agreement cannot be modified without approval of the Court." (Doc. 9-1, at 3.) Thus, because both deficiencies have been cured, the Court approves the Agreement.

## II. CONCLUSION

For the foregoing reasons, the Parties' renewed joint motion for settlement approval (Doc. 9) is **GRANTED,** and the Agreement (Doc. 9-1) is **APPROVED.** The Parties' joint motion stipulates to the dismissal of this action with prejudice upon approval of the Agreement. (Doc. 9, at 5.) Accordingly, **IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE.** The Clerk is **DIRECTED to TERMINATE** all other motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA